

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANJINDER SINGH,<br><br>               Petitioner,<br><br>v.<br><br>SIXTO MARRERO, Warden, Imperial<br>Regional Detention Facility,<br><br>               Respondent. | Case No.:  26-cv-3703-RSH-BJW<br><br>**ORDER DENYING PETITION<br>FOR WRIT OF HABEAS CORPUS** |

On June 24, 2026, petitioner Manjinder Singh filed through counsel a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Respondent filed a return, ECF No. 5, and Petitioner did not choose to file a traverse.

In an earlier habeas action also brought by Petitioner through counsel, Case No. 26-cv-295, this Court granted the petition on February 2, 2026, and ordered a bond hearing as requested by Petitioner. *See* Case No. 26-cv-295, Dkt. No. 6. On February 5, 2026, an immigration judge orally denied bond to Petitioner on the basis of flight risk and danger to the community, thereafter setting forth the basis for that decision in a detailed memorandum. *See* ECF No. 5-1 at Ex. 2 (order denying bond), Ex. 3 (immigration judge's bond memorandum). Petitioner's appeal of that decision is pending before the Board of

Immigration Appeals ("BIA"). *See* ECF No. 1 ¶ 16.

## I.    LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## II.    DISCUSSION

The instant Petition brings three claims for relief. In his first claim, Petitioner states that he is "challenging his detention and revocation of release on recognizance without proper notice," and requests that "[a]s a remedy, this Court should conduct its own review of Petitioner's custody or, at least, order ICE to review Petitioner's custody under the standard articulated in ICE policy." ECF No. 1 ¶¶ 49–56. Petitioner's claim is inadequate. Although Petitioner alleges in conclusory terms that ICE failed to provide a reason for revocation or give him an opportunity to be heard, he provides no explanation or evidence regarding the circumstances of that revocation or of his arrest. He does not address the fact that an immigration judge determined after a hearing that Petitioner is both a flight risk and a danger to the community—circumstances that would warrant revocation of release. Additionally, although Petitioner asks the Court as a remedy to conduct a review of his immigration custody, he provides no factual basis for the Court to review that custody, provides no basis to conclude that the immigration judge's findings were erroneous, and does not address Respondent's argument that Petitioner is required to exhaust his administrative remedies in his BIA appeal. Petitioner asks in the alternative for an order directing ICE to review his custody under the standard articulated in ICE policy, but does not identify that policy with any specificity. Petitioner does allege that "ICE's long-standing policy is to release non-citizens immediately following a grant of asylum … absent exceptional circumstances," *id.* ¶ 39, but does not allege that he has been granted

26-cv-3703-RSH-BJW

asylum.[1]

In his second claim, Petitioner alleges that his detention violates 8 U.S.C. § 1231(a)(6). ECF No. 1 at p. 2 & ¶ 64. That provision states:

**(6)     Inadmissible or criminal aliens**

An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). Petitioner fails to explain how, or establish that, this provision was violated. This claim fails as well.

In his third claim, Petitioner alleges a violation of the Administrative Procedure Act, asserting that "Petitioner's ongoing and unreviewed detention violates his constitutional due process rights and cannot continue without a bond hearing." ECF No. 1 at p. 15. However, it is undisputed that Petitioner has received a bond hearing, even though he disagrees with the outcome of that hearing and has appealed his bond denial to the BIA. This claim also fails.

Petitioner has not met his burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. §

---

[1]     This and other portions of the Petition, including the discussion of the *Accardi* doctrine, ECF No. 1 ¶¶ 40–45, and conclusory assertions such as "Petitioner's continued detention has become unreasonably prolonged," *id.* ¶ 7, "[h]e has not been given an opportunity to be heard," *id.* ¶ 9, and "Respondents will continue-unchecked-to detain him unlawfully under 8 U.S.C. § 1225(b)(1)," *id.* ¶ 28—despite the bond hearing Petitioner has received—give the Court some concern that the Petition is not appropriately tailored to the facts in Petitioner's own case.

2241(c)(3).[2]

## IV.   CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: July 10, 2026

_____
Hon. Robert S. Huie
United States District Judge

---

[2]   In light of this conclusion, the Court declines to address Respondent's contention, to which Petitioner has not responded, that Petitioner's arguments should be dismissed for abuse of the writ on the grounds that such arguments could have been made in his initial petition.